IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC., )
425 Third Street, S.W., Suite 800 )
Washington, DC 20024, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　) Civil Action No.
v. )
　　　　　　　　　　　　　　　　　　)
UNITED STATES DEPARTMENT )
OF HOMELAND SECURITY, )
Office of the General Counsel )
245 Murray Lane S.W. )
Washington, DC 20528-0485, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security ("DHS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

1. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

2. Defendant DHS is an agency of the United States Government and is headquartered at 601 South 12th Street, Arlington, VA 22202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

3. On July 1, 2014, Plaintiff submitted a FOIA request to U.S. Immigration and Customs Enforcement ("ICE"), a component of Defendant, by certified mail, seeking access to the following:

> Any and all records of the Enforcement & Removal Operations (ERO) Field Office Juvenile Coordination Meeting in Washington, DC on 25-27 February 2014, to include, but not limited to: schedule, participants, training materials, PowerPoint presentations, handouts, policies, etc.

4. By letter dated July 23, 2014, Defendant acknowledged receipt of the request on July 18, 2014 and assigned it reference number 2014-ICFO-02806. Defendant also informed Plaintiff that Defendant had invoked a 10-day extension of time to process the request, as authorized by 5 U.S.C. § 552(a)(6)(B).

5. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the request within thirty (30) working days of receipt and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant's determination was due by August 29, 2014.

6. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; and/or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

7. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

9. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

10. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of

attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 3, 2014

Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel:    (202) 646-5172

*Attorneys for Plaintiff*